FANNY T. ALLEN *vs.* ELIAS MERWIN & another.

Berkshire. Oct. 19.— Dec. 4, 1876. COLT & AMES, JJ., absent.

A legacy, exactly corresponding in amount and time of payment to an existing debt of the testator to the legatee, and given by a will, which contains no provision indicating a different intention, is to be presumed to be in satisfaction of the debt and not in addition thereto.

CONTRACT against the executors of the will of Phinehas Allen, Jr. The case was submitted to the judgment of the Supe-

rior Court upon a statement of facts, the material part of which was as follows:

The plaintiff was the stepmother of said testator, and both were legatees and devisees under the will of his father, Phinehas Allen, Sen.

On April 20, 1861, they executed an indenture which recited that Phinehas Allen, Sen., by his last will gave to the plaintiff, in lieu of dower, one third part of a house and land in Pittsfield, for her use and improvement during her natural life, and the sum of $800, to be paid by his executors in one year from his death; and by which the plaintiff granted, sold and released to Phinehas Allen, Jr., all her rights in the real estate and money levised and bequeathed to her by his father; and Phinehas Allen, Jr., in consideration thereof, covenanted for himself, his heirs, executors and administrators to pay to the plaintiff the sum of $225 semi-annually during her life, the first semi-annual payment to be made on the first day of May, 1861.

Phinehas Allen, Jr., made to the plaintiff during her life the semi-annual payments of $225 each, as required by that indenture, which remained unrevoked at his death, unless by force of the fact hereinafter stated.

Phinehas Allen, Jr., died July 4, 1873, leaving a last will, by which he appointed the defendants his executors, and made no general provision for the payment of debts, and which contained the following clauses :

" Seventeenth.  All the rest and residue of my estate of every nature I give, bequeath and devise to my executors and trustees hereinafter named, to be held however by them upon the trusts and for the following purposes and not otherwise, namely, to hold and invest the same according to their best judgment and discretion, and, from the income arising therefrom,

" 1st.  To pay Mrs. Fanny T. Allen, widow of the late Phinehas Allen, the sum of two hundred and twenty-five dollars on the first days of May and November in each year during her natural life."

The will was duly proved, and the defendants accepted the trusts of executors, and, ever since the death of their testator, have paid to the plaintiff the sum of $225 semi-annually, on the first days of May and November in each year.  But the plaintiff

contends that she is entitled to a double annuity, that is to say, that the defendants are bound to pay to her semi-annually the sum of $225 under the indenture, and also an additional sum of $225 under the will.

*Aldrich*, J., ruled against the plaintiff, and gave judgment for the defendants ; and the plaintiff appealed to this court.

*T. P. Pingree & J. M. Barker*, for the plaintiff.

*E. Merwin*, for the defendants.

GRAY, C. J.   This case falls within the well settled rule, that a legacy, exactly corresponding in amount and time of payment to an existing debt of the testator to the legatee, and given by a will which contains no provision indicating a different intention, is to be presumed to be in satisfaction of the debt, and not in addition thereto.   2 Story Eq. Jur. §§ 1109, 1119, 1120. *Strong* v. *Williams*, 12 Mass. 390.   *Atkinson* v. *Littlewood*, L. R. 18 Eq. 595.          *Judgment for the defendants affirmed.*